1. TAXATION ⬤═895(7)—TRANSFER TAX—PROPERTY SUBJECT TO TAX.

　　Under the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245), in arriving at the taxable value of a testator's undivided interest in property subject to mortgages, a deduction for probable expenses upon a possible sale under a judgment in partition or foreclosure is properly calculated upon the gross interest, that which would be sold under partition or foreclosure, and not his equity therein.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1714; Dec. Dig. ⬤═895(7).]

2. TAXATION ⬤═895(3)—TRANSFER TAX—POWER OF APPRAISERS—"APPRAISER."

　　Under the Transfer Tax Law, an appraiser has considerable latitude by the language of the statute concerning the evidence he shall accept as to values; the title of "appraiser" carrying with it a significance that he is to be the judge of the evidence he desires submitted to him on the question of valuation, in cases fairly treated by him.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1717; Dec. Dig. ⬤═895(3).

　　For other definitions, see Words and Phrases, Appraiser.]

In the matter of the estate of Frederick E. Gibert. From an order assessing a transfer tax, both the State Comptroller and the executors appeal. Affirmed.

Parsons, Closson & McIlvaine, of New York City (Henry B. Closson and William E. Carnochan, both of New York City, of counsel), for executors.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. The testator died possessed of undivided interests in real estate situate in the county of New York, but subject to particular mortgages on separate parcels. The appraiser arrived at the value of testator's undivided interests by allowing a deduction of 15 per cent. upon the gross value thereof. Such deduction was allowed

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in view of the probable expenses consequent upon a possible sale under a judgment in partition or foreclosure. The appraiser also made a further deduction equal to the mortgage incumbrances upon said interest. The difference the appraiser found to be the value of the taxable interest of the testator in the property mentioned.

[1] The state comptroller in his appeal contends that the appraiser's method of arriving at the value of such taxable interests is in error, and he submits, in lieu thereof, that the appraiser should have first deducted the value of the mortgages from the gross value of testator's undivided interest, and from the result, which was testator's equity in the premises, he should then have deducted the 15 per cent. above mentioned.

The real question is: Should the 15 per cent. be calculated upon the gross value of the testator's undivided interest, or upon his equity therein? I think the answer to this question is found in the answer to another question: What would be sold under a judgment in partition or in foreclosure? Certainly all of testator's undivided interest, not his equity alone, would be sold. His entire interest, and not alone the equity, would therefore be subjected to the payment of the expenses incurred.

The executors, on the other hand, contend in their appeal that the appraiser's report and the order entered fixing tax erred in fixing 15 per cent. as the possible deduction in case of a sale of the kind above referred to of the testator's undivided interests. They contend that the appraiser should have accepted the testimony in the form of an affidavit made by an expert, and to the effect that 25 per cent. was the proper allowance. I do not think the appraiser erred in this finding.

[2] There seems to be given to the transfer tax appraiser considerable latitude, by the language of the statute providing for the creation of his office, concerning the evidence he shall accept as to values. In fact, the use of the official title of "appraiser" carries with it a significance that this officer, in so far as his work shown in his report is concerned, is to be the judge of the nature of the evidence he desires submitted to him on the question of valuation. Of course this is true only sub modo, and in cases fairly treated by him. If an affidavit submitted on the question of deduction, such as is now under consideration, were to show that the deduction should be 50 per cent., and the appraiser in his report rejected that allowance and found that it should be 15 per cent., I would certainly support the appraiser's finding as not only within the limits of his powers as an appraiser to so find, and in consonance with his powers, but also as a reasonable finding, in so far as the matter involved was concerned.

The order fixing tax will be affirmed. Settle order on notice.